CHRISTIAN L. RAISNER, Bar No. 133839
JANNAH V. MANANSALA, Bar No. 249376
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023
Email for Chris Raisner: craisner@unioncounsel.net
Email for Jannah Manansala: jmanansala@unioncounsel.net

Attorneys for Plaintiffs

**Filed**
DEC 18 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING
ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS VACATION AND HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; APPRENTICE/JOURNEYMAN TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; INDUSTRY ADVANCEMENT; AND THE CONTRACT WORK PRESERVATION FUND,

    Plaintiffs,

v.

E. UGARTE, INC., dba KEVIN NELSON CONCRETE CONSTRUCTION COMPANY, a California Corporation; CABRILLO COMMUNITY COLLEGE, a Public Entity; SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation,

    Defendants.

Case No. C07 06399 PVT

COMPLAINT FOR BREACH OF CONTRACT, ENFORCEMENT OF STOP NOTICE AND RECOVERY OF MONEY DUE ON PAYMENT BOND (ERISA 29 U.S.C. § 1001, et seq., 29 U.S.C. § 185)

**BY FAX**

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Complaint      Case No. _____

## JURISDICTION

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The jurisdiction of this Court is founded on 28 U.S.C. § 1331.

## INTRADISTRICT ASSIGNMENT

II.

Venue properly lies in this district court because a substantial part of the events and omissions giving rise to these claims occurred in this district, including but not limited to, carpentry work performed for Defendant E. UGARTE, INC. dba KEVIN NELSON CONCRETE in the County of Santa Cruz which gave rise to Plaintiffs' claims for unpaid fringe benefits.

## PARTIES

III.

Plaintiff ROBERT ALVARADO (hereinafter referred to as "Alvarado") is, and at all relevant times was, a Trustee of the Carpenters Health and Welfare Trust Fund for California, Carpenters Pension Trust Fund for Northern California, Carpenters Vacation and Holiday Trust Fund for Northern California, Apprentice / Journeyman Trust Fund for Northern California, Carpenters Annuity Trust Fund, Industry Advancement, and The Contract Work Preservation Fund. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written trust agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Plaintiff Trust Funds are express Trust Funds as defined in Civil Code section 3111, and are therefore considered Laborers as defined in Civil Code section 3089. Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their

respective Board of Trustees together with Alvarado, shall hereinafter be designated collectively as "Plaintiffs".

IV.

At all times material herein Defendant E. UGARTE, INC. dba KEVIN NELSON CONCRETE CONSTRUCTION COMPANY (hereinafter referred to as "Kevin Nelson Concrete"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145), an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 150 et seq.). Kevin Nelson Concrete is and, at all times relevant to this action, was engaged in the business of contracting. Plaintiffs are informed, believe and allege that Kevin Nelson Concrete is required to be licensed by the State of California.

V.

Defendant CABRILLO COMMUNITY COLLEGE (hereinafter "Cabrillo CC") is, and at all material times herein was, a public entity organized under the laws of the State of California within the meaning of Civil Code section 3099 that contracted for a work of improvement known as the construction of the Cabrillo College Student Activities Center (hereinafter known as the "Student Activities Center Project").

### ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

VI.

At all relevant times, Defendant Kevin Nelson Concrete was signatory and bound to a written collective bargaining agreement with the Carpenters 46 Northern California Counties Conference Board (hereinafter "Union") entitled Carpenters Master Agreement (hereinafter "Master Agreement". This Master Agreement was amended and modified by a Memorandum (hereinafter "Memorandum of Amendments and Modifications to the Master Agreement) effective July 1, 2003 through June 30, 2008. Defendant Kevin Nelson Concrete became subject to all terms and conditions of the Master Agreement and the Memorandum of Amendments and Modifications to the Master Agreement by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. A true and correct copy of said Master Agreement as converted and printed from its

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

Complaint

Case No. _____

Portable Format Document is attached hereto as Exhibit "A". A true and correct copy of the Memorandum of Amendments and Modifications is attached hereto as "Exhibit B". A true and correct copy of the Memorandum Agreement is attached hereto as Exhibit "C". All three documents are incorporated by reference herein.

VII.

Said Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiff Trust Funds. By said Master Agreement, Defendant Kevin Nelson Concrete promised to contribute and pay Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of their employees who performed any work covered by said Agreements, and that they would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements as incorporated by the terms of the Master Agreement.

VIII.

The above-mentioned Trust Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses at the time the Agreement was negotiated.

IX.

The Trust Agreements provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

**FIRST CLAIM FOR RELIEF**
**(Breach Of Contract)**

X.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XI.

Defendant Kevin Nelson Concrete has failed, neglected, or refused to make timely fringe benefit contributions as required by the Memorandum Agreement, Master Agreement and Trust Agreements and there is now due and owing and unpaid to Plaintiffs contributions in the sum

- 4 -
Complaint
Case No. _____

1  estimated to be at least $35,984.64.

2                                    XII.

3  Plaintiffs are the intended third-party beneficiaries of the Master Agreement, but Trust
4  Fund contribution delinquencies are excluded from the arbitration provisions of the Master
5  Agreement.

6                                    XIII.

7  Plaintiffs have complied with all conditions on their part to be performed under the terms of
8  the applicable agreements.

9                                    XIV.

10  Plaintiffs are entitled to reasonable attorney's fees, interest, and other reasonable expenses
11  incurred in connection with this matter due to Defendant Kevin Nelson Concrete's failure and
12  refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the
13  Memorandum Agreement, Master Agreement, Trust Agreements and ERISA section 502(g)(2) (29
14  U.S.C. § 1132(g)(2)).

15  **SECOND CLAIM FOR RELIEF**
16  **(For Enforcement Of Stop Notice Against Defendants Cabrillo Community College)**

17                                    XV.

18  Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

19                                    XVI.

20  Prior to the commencement of work on the subject property, Defendant Cabrillo CC and
21  ZOLMAN CONSTRUCTION & DEVELOPMENT, INC. and SYNERGY PROJECT
22  MANAGEMENT, INC. (hereinafter collectively referred to as "Zolman"), and each of them,
23  entered into a written agreement whereby Zolman agreed to act as the original contractor for the
24  Student Activities Center Project on the subject property for an agreed contract price, which
25  Defendant Cabrillo CC agreed to pay. The whole of the subject property and the entire estate of
26  Defendant Cabrillo CC in the property are required for the convenient use and occupation of the
27  work of improvement.

28  ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Complaint                        - 5 -

                                                    Case No. _____

XVII.

Prior to the commencement of the work on the Student Activities Center Project, Zolman entered into a written agreement with Kevin Nelson Concrete, whereby Kevin Nelson Concrete agreed to perform certain works of carpentry on the Student Activities Center Project.

XVIII.

As to all amounts alleged in this Complaint, pursuant to the Master Agreement, Defendant Kevin Nelson Concrete promised and agreed in writing, for and in consideration of the services of carpenters performed or to be performed, that it would contribute and pay to Plaintiffs the hourly amounts required by said Master Agreement, for each hour paid for or worked by any of their employees who are covered by the Master Agreement, and that it would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements establishing each of the Plaintiff Trust Funds, as incorporated by the terms of the Master Agreement. Defendant Kevin Nelson Concrete agreed in writing that said payments would be made to said Trust Funds effective for work performed on or after January 4, 2006.

XIX.

During the months of January and February of 2006, Defendant Kevin Nelson Concrete employed workers covered by the provisions of the Master Agreement and Trust Agreements and said workers performed work and labor on the Student Activities Center Project during the times said Agreements were in full force and effect. Said workers furnished labor pursuant to the written contract between Defendant Kevin Nelson Concrete and the Union and at the specific request of Zolman in the execution of the work required for the Student Activities Center Project.

XX.

Plaintiff Trust Funds have performed all things necessary and required of Plaintiffs under the Agreements, except to the extent that Plaintiffs were prevented or excused from performing by the breaches of Defendant Kevin Nelson Concrete as alleged below.

XXI.

The labor furnished by Defendant Kevin Nelson Concrete's employees on the Student Activities Center Project and for whom fringe benefit contributions are due and owing to the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Complaint
- 6 -
Case No. _____

Plaintiff Trust Funds has a reasonable and current market value of $35,984.64, which Defendant Kevin Nelson Concrete agreed in writing to pay, and which remained unpaid at the time this action was filed.

XXII.

On or about October 3, 2006, Plaintiffs served on Defendant Cabrillo CC a signed and verified stop notice in the amount of Thirty-Five Thousand Nine Hundred Eighty-Four Dollars and Sixty Four Cents ($35,984.64) for carpentry labor furnished to Defendant Kevin Nelson Concrete, that had not been paid, in the form required under California Civil Code section 3103, and which was filed before the expiration of ninety (90) days after completion of the work of improvement, no notice of completion or cessation having been recorded. A true and correct copy of the stop notice is attached hereto as Exhibit "D" and is incorporated by reference herein.

XXIII.

The amount claimed by Plaintiffs in this stop notice remains due and owing.

XXIV.

Plaintiffs are informed, believe and allege that at and since the time of the filing and service of this stop notice, there was and is a sufficient amount of money due from the Cabrillo CC out of the construction funds for the Student Activities Center Project to answer and pay the claim of Plaintiffs, and to allow for the reasonable cost of any litigation thereunder.

**THIRD CLAIM FOR RELIEF**
**(For Enforcement Of Payment Bond Against Defendant Safeco Insurance Company Of America On The Cabrillo College Student Activities Center Project)**

XXV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XXVI.

Plaintiffs are informed, believe and allege that Zolman, as principal, and Defendant Safeco Insurance Company of America, as surety, executed a payment bond in connection with the Student Activities Center Project. The bond provides for payment in full of claims for all claimants and is by its terms made to inure to the benefit of all claimants to give them a right of

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Complaint                                                                    -7-

Case No. ___

action to recover on the bond in this action. Attached hereto as Exhibit "E" is a true and correct copy of the payment bond entered into between Zolman and Defendant Safeco Surety Company Of America.

### XXVII.

On or about October 2, 2006, a written notice as provided in California Civil Code sections 3227(b) and 3252 was given to the bond principal, Defendant Zolman, at the bond principal's last known address. Service of the notice was made under California Civil Code section 3227(a) in the following manner: United States Postal Service Return Receipt Requested #7002 2030 0000 3985 5383. No preliminary 20-day notice was given. No notice of completion was recorded. Attached hereto as Exhibit "F" is a true and correct copy of the notice provided October 2, 2006 to Defendant Zolman. On or about December 6, 2007, a written notice as provided in California Civil Code sections 3227(b) and 3252 was given to the surety and the bond principal within 75 days after completion of the Student Activities Center Project. Service of the notice was made under California Civil Code section 3227(a) in the following manner: United States Postal Service Return Receipt Requested #7003 3110 0004 5584 5822. No preliminary 20-day notice was given. No notice of completion was recorded. Attached hereto as Exhibit "G" is a true and correct copy of the Safeco Insurance Company of America Demand.

### XXVIII.

On or about December 6, 2007, Plaintiffs made demand on Defendant Safeco Insurance Company of America for payment in the amount of Thirty-Five Thousand Nine Hundred Eighty-Four Dollars and Sixty Four Cents ($35,984.64), which was due and owing for work performed on the Student Activities Center Project.

### XXIX.

Under California Civil Code section 3250, Plaintiffs are entitled to the award of reasonable attorney fees in a sum to be fixed by the court, for costs of suit, and for prejudgment interest as provided by law.

**WHEREFORE**, Plaintiffs pray judgment against Defendants KEVIN NELSON CONCRETE, CABRILLO CC, and SAFECO INSURANCE COMPANY OF AMERICA as

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

Complaint

Case No. _____

follows:

1. For Judgment against Defendant KEVIN NELSON CONCRETE for contributions in the amount of $35,984.64 plus interest thereon;

2. For actual damages according to proof;

3. For an Order permanently enjoining Defendant KEVIN NELSON CONCRETE for so long as it remains obligated to contribute to Plaintiff Trust Funds, from failing, neglecting, or refusing to timely submit payments as required by the terms of the Memorandum Agreement, Master Agreement, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

4. For an order directing Defendant CABRILLO CC to make payment to Plaintiffs from the funds withheld on the Student Activities Center Project, in the sum of $35,984.64;

5. For judgment on the payment bond against Defendant Safeco Insurance Company of America, in the sum of $35,984.64 in favor of Plaintiffs, as their respective interests appear, together with interest provided by law, until paid, plus costs and reasonable attorney's fees under California Civil Code sections 3248(b) and 3250;

6. For attorney's fees;

7. For costs of suit herein; and

8. For such further relief as this Court deems just and proper.

Dated: December 18, 2007

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: *Jannah Manansala*
CHRISTIAN L. RAISNER
JANNAH V. MANANSALA
Attorneys for Plaintiffs

114011/478347

Complaint                    - 9 -

Case No. _____