1  **David L. Hughes    SBN 129411**
   **Chad C. Wilcox    SBN 198498**
2  **BOOTH, MITCHEL & STRANGE LLP**
   **Attorneys at Law**
3  **701 South Parker Street, Suite 6500**
   **Orange, California 92856-8155**
4  **(714) 480-8500 / FAX (714) 480-8533**

5  **Attorneys for** Defendant
   SAFECO INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS VACATION AND HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; APPRENTICE/ JOURNEYMAN TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; INDUSTRY ADVANCEMENT; AND THE CONTRACT WORK PRESERVATION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>E. UGARTE, INC. dba KEVIN NELSON CONCRETE CONSTRUCTION COMPANY, a California corporation; CABRILLO COMMUNITY COLLEGE, a Public Entity; SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation,<br><br>Defendants. | Case No. 5:2007cv06399 PVT<br><br>**SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT** |

Defendant, SAFECO INSURANCE COMPANY OF AMERICA, for answer to Plaintiff's Complaint, herein admits, denies, and alleges as follows:

1.  Defendant denies generally and specifically each and every allegation contained in

said Complaint, except those expressly admitted below, and particularly denies that Plaintiff has been damaged in the sum alleged or in any other sum or sums, or at all.

## I JURISDICTION

2. Defendant admits this Court has jurisdiction based on diversity of citizenship. Defendant admits that it is a Washington corporation authorized to conduct surety business in the state of California.

## II PARTIES AND VENUE

3. Answering Paragraphs II, III, IV and V of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

## III GENERAL DENIALS

4. Answering Paragraphs VI through XXXV, XXVII, and XXIX of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph XXVI of the Complaint, Defendant admits that it issued a payment bond in connection with the Student Activities Center Project, but it is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Answering Paragraph XXVIII of the Complaint, Defendants admits that it received a letter from Plaintiff dated December 6, 2007, purporting to be a claim by various trust funds, but it is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Waiver)

7. Answering Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that it may have had or has against answering Defendant arising from the

transactions and occurrences set forth in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

8. Answering Defendant is informed and believes and thereon alleges that Plaintiff is estopped by its own conduct from asserting any and all claims it has or that it may have had against answering Defendant arising from the transactions and occurrences set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Conduct)

9. Answering Defendant is informed and believes and thereon alleges that the conduct of Plaintiff and/or persons whose conduct is imputable to it precludes recovery by Plaintiff against answering Defendant for any claims asserted herein.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

10. Answering Defendant is informed and believes and thereon alleges that loss to Plaintiff, if any, was occasioned by, and as a result of its failure to comply with the terms of the alleged agreement between Plaintiff and answering Defendant, and Plaintiff and others herein. Therefore, answering Defendant is entitled to an offset as determined with respect to such failure, against its liability, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Procedural Requirements)

11. Answering Defendant is informed and believes and thereon alleges that Plaintiff has not complied with the necessary statutory procedural requirements which would permit it to assert the claims alleged herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Bond Conditions Precedent)

12. Answering Defendant is informed and believes and thereon alleges that the Plaintiff and/or others have failed to comply with certain conditions precedent to Plaintiff's right to recover on the bond sued upon herein, and have failed, neglected, and refused to give appropriate notice pursuant

to the provisions of the bond. By reason of the foregoing, Plaintiff is estopped from seeking any recovery on the bond sued upon herein.

### SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

13. Answering Defendant is informed and believes and thereon alleges that Plaintiff unreasonably delayed in bringing this subject action without good cause therefor, and thereby prejudiced answering Defendant and, as a direct and proximate result thereof, this action is barred by the doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

**(Principal's Defenses)**

14. Answering Defendant is informed and believes and thereon alleges it is entitled to assert any and all of the defenses of its principal under any surety bond that may be applicable. Defendant hereby incorporates by this reference any and all defenses to the Complaint that are or may be asserted by this answering Defendant's principal.

### NINTH AFFIRMATIVE DEFENSE

**(Breach of Contract- Excuse)**

15. Answering Defendant is informed and believes and thereon alleges that Plaintiff breached the agreement between Plaintiff and Defendant herein, by reason of which Defendant is excused from the performance of any obligations under said agreement or any other agreement relating to the subject project.

### TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

16. Answering Defendant is informed and believes and thereon alleges that Plaintiff's recovery against this answering Defendant, if any, is barred by Plaintiff's failure to mitigate its alleged damages, if any. If not completely barred, Plaintiff's recovery against this answering Defendant must be reduced to the extent that Plaintiff's damages, if any, were caused by Plaintiff's failure to properly mitigate its damages and by freely, voluntarily, and gratuitously incurring expenses, which it had no legal obligation to incur.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Secondary Liability)

17.  Answering Defendant is informed and believes and thereon alleges that in the event this answering Defendant is held liable to the Plaintiff, which liability is expressly denied herein, then the liability of this Defendant would be passive, imputed or secondary, while the other Defendants or third parties would be actively or primarily liable for Plaintiff's alleged injuries and damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (Terms and Conditions)

18.  Answering Defendant is informed and believes and thereon alleges that the items claimed by Plaintiff are not payable pursuant to the terms and conditions of the bond.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

19.  Answering Defendant is informed and believes and thereon alleges that the conduct of Plaintiff constitutes unclean hands which bars Plaintiff's entitlement to equitable relief, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

20.  Answering Defendant is informed and believes and thereon alleges that at all times mentioned in the Complaint, Plaintiff approved of, ratified or acquiesced in the conduct of this answering Defendant. Plaintiff is therefore barred from recovery as a result of any conduct on the part of this answering Defendant, if any, because of Plaintiff's approval, ratification or acquiescence in that conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Defective Labor and/or Material)

21.  Answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery as to any material and labor supplied by Plaintiff, was defective and not in conformance with requirements for such material, and required extensive repair, modification and revision with the result that the cost of repairing said defective material far exceeds the amount claimed by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Code Compliance)

22. Answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to comply with California Civil Code Sections 3210 and 3098.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Payment Bond Conditions)

23. Answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to comply with California Civil Code Sections 3249 and 3252.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Release)

24. Answering Defendant is informed and believes and thereon alleges that Plaintiff's conduct constitutes a full release by Plaintiff of any and all claims it may have had against answering Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

25. Answering Defendant is informed and believes and thereon alleges that Plaintiff has accepted an alternate performance as an accord and satisfaction of its rights, if any, under the bond.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Improper Claim)

26. Answering Defendant is informed and believes and thereon alleges that the items claimed by Plaintiff are not payable pursuant to the terms and conditions of the bond.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Inapplicable Causes)

27. Answering Defendant is informed and believes and thereon alleges that the seventh cause of action is not applicable as to this answer Defendant. Therefore, the seventh cause of action should be dismissed.

///

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Fails to State Claim)

28. The Complaint and each purported cause of action therein contained, individually and collectively, fails to state a claim upon which relief can be granted.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29. Answering Defendant is informed and believes and thereon alleges that the causes of action of Plaintiff's unverified Complaint, and the whole thereof, are barred by the statutes of limitations on actions codified in Code of Civil Procedure Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(4), 339(1), 340(1), 343, and Civil Code Section 3249.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acts of Others)

30. Answering Defendant is informed and believes and thereon alleges that Plaintiff's recovery against this answering Defendant, if any, is reducible to the extent that Plaintiff's injuries or damages, if any, were the direct and proximate result of the acts or omissions of independent third parties, named or unnamed, or their agents, servants, or employees, and not the acts or omissions of this answering Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Liability Limited by Bond Penal Sum)

31. Answering Defendant is informed and believes and thereon alleges that any liability on Defendant's bond in this lawsuit is limited to the penal sum set forth thereon, and should valid claims on that bond exceed the penal sum, such claims may only be satisfied on a pro rata basis up to the penal sum of the bond.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Costs)

32. Answering Defendant is informed and believes and thereon alleges that it has incurred and continues to incur expenses in connection with the investigation of the facts of the

claims being asserted by Plaintiff herein. When the full amount of such expenses is known, this answering Defendant will seek leave of court to amend its answer to set off such expenses. This answering Defendant, by reason of the action brought against it and by the necessity of filing this answer, has incurred, and will continue to incur, expenses, including attorneys' fees, in connection with this lawsuit. This answering Defendant is entitled to recover the full amount of such attorneys' fees, expenses, and costs incurred in defending this litigation and in investigating the claims asserted against it herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Agreement Conditions)

33. Answering Defendant is informed and believes and thereon alleges that any alleged agreements were subject to a condition precedent and/or antecedent and that such conditions have occurred or have failed to occur thereby extinguishing or precluding liability of this answering Defendant under said alleged agreement at this time.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

34. Answering Defendant is informed and believes and thereon alleges that pursuant to the agreements, Defendant's principal purpose was substantially frustrated without its fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the alleged agreements were made, thereby discharging any remaining duty of Defendant to render performance under the agreements.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Notice)

35. Answering Defendant is informed and believes and thereon alleges that Plaintiff failed to give proper notice of default of the principal under the bond.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

36. Answering Defendant is presently unaware whether it may have additional, as yet unstated affirmative defenses. It may seek leave of court at a later time to assert such further

1  defenses, if any.

2  **<u>PRAYER</u>**

3  **WHEREFORE**, having fully answered, answering Defendant prays that Plaintiff take
4  nothing by reason of the Complaint on file herein, that Defendant have judgment of dismissal and
5  for costs incurred herein, and for such other and further relief as to the court may seem just and
6  proper in the premises.

7  DATED: January 24, 2008.

8  BOOTH, MITCHEL & STRANGE LLP

10  By: _____
11  DAVID L. HUGHES
    CHAD C. WILCOX
    Attorneys for Defendant SAFECO INSURANCE
12  COMPANY OF AMERICA

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 701 South Parker Street, Suite 6500, Orange, California 92856-8155.

On January 28, 2008, I served the foregoing document described as **SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT** on all interested parties in this action by placing the true copies thereof in sealed envelopes addressed as follows:

Christian L. Raisner
Jannah V. Manansala
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

(XX) BY MAIL: I caused such envelope(s) to be deposited in the mail at Orange, CA. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion for the party served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing in affidavit.

( ) BY FACSIMILE: On January _____, 2008, at approximately _____.m. I served/transmitted the aforementioned document(s) by facsimile machine telephone number 714/480-8533, pursuant to California Rules of Court, Rule 2.306. The facsimile machine I used complied with Rule 2.301 and no error was reported by the machine. Pursuant to Rule 2.306(g)(4), I caused the machine to print a transmission record of the transmission, a copy of which is maintained in our office.

( ) BY ELECTRONIC TRANSMISSION (E-File) on designated recipient through the NexisLexis CourtLink System. Upon completion of transmission of said documents, a filing receipt is issued to the filing party acknowledging receipt, filing and service by NexisLexis CourtLink's system. A copy of the JusticeLink filing receipt page will be maintained with the original document(s) in our office.

( ) BY OVERNIGHT MAIL: Pursuant to CCP § 1013.

( ) BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on January 28, 2008, at Orange, California.

( ) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

JOANNE L. COOPER