Keith A. Berlin, SBN 117754
Public Agency Law Group
222 North Sepulveda Blvd., Suite 1690
El Segundo, CA 90245
Telephone: 310-640-0800
Facsimile: 310-640-0818
Email for Keith Berlin: kberlin@palg.net

Attorneys for Defendant
Cabrillo Community College District
(erroneously sued herein as "Cabrillo Community College")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS VACATION AND HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; APPRENTICE/JOURNEYMAN TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; INDUSTRY ADVANCEMENT; AND THE CONTRACT WORK PRESERVATION FUND,<br><br>        Plaintiffs,<br><br>   v.<br><br>E. UGARTE, INC., dba KEVIN NELSONCONCRETE CONSTRUCTION COMPANY, A California Corporation; CABRILLO COMMUNITY COLLEGE, a Public Entity; SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation,<br><br>        Defendants. | CASE NO. 5:2007cv06399 PVT<br><br>**ANSWER OF CABRILLO COMMUNITY COLLEGE DISTRICT TO COMPLAINT OF ROBERT ALVARADO ET AL.**<br><br>[No filing fee required per Government Code § 6103] |

1

Defendant CABRILLO COMMUNITY COLLEGE DISTRICT (hereinafter "Defendant") erroneously sued herein as "Cabrillo Community College", severing itself from all other Defendants, by its attorneys, Public Agency Law Group, hereby answers Plaintiffs' Complaint as follows:

## JURISDICTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, Defendant denies said allegations.

## INTRADISTRICT ASSIGNMENT

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, Defendant denies said allegations.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, Defendant denies said allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, on that basis, Defendant denies said allegations, except that Defendant admits that Kevin Nelson Concrete was engaged in the

business of contracting and was required to be licensed by the California Contractor's State License Board.

5.     Defendant admits the allegations contained in paragraph 5.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, on that basis, Defendant denies said allegations, except that Defendant admits that there are documents attached to Plaintiff's Complaint as Exhibits A, B and C which Plaintiffs' counsel alleges are true and correct copies of the purported documents.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, Defendant denies said allegations.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, Defendant denies said allegations.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, Defendant denies said allegations.

/ / /

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

10. Answering paragraph 10 of the Complaint, Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 9, inclusive, of this Answer, with the same force and effect as if set forth at length herein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, Defendant denies said allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, Defendant denies said allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, Defendant denies said allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, Defendant denies said allegations.

## SECOND CLAIM FOR RELIEF

15. Answering paragraph 15 of the Complaint, Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 14, inclusive, of this Answer, with the same force and effect as if set forth at length herein.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, Defendant denies said

allegations, except that Defendant admits that, prior to commencement of work on the subject property, Cabrillo Community College District entered into written agreements with Zolman Construction and Development, Inc. and Synergy Project Management ("Zolman") whereby Zolman agreed to be responsible, as a prime contractor, for the performance of the work identified in its Bid Packages for the Cabrillo College Student Services Center, in return for the payment by Cabrillo Community College District of a specified Contract price.

17.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, Defendant denies said allegations, except that Defendant admits that Zolman entered into a written agreement with Kevin Nelson Concrete, whereby Kevin Nelson Concrete agreed to perform certain Subcontract Work related to Bid Packages 4 & 5 on the Cabrillo College Student Services Center Project.

18.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, Defendant denies said allegations.

19.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, on that basis, Defendant denies said allegations.

20.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, on that basis, Defendant denies said allegations.

21.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, on that basis, Defendant denies said allegations.

ANSWER OF CABRILLO COMMUNITY COLLEGE DISTRICT TO COMPLAINT - CASE NO.: 5:2007cv06399 PVT

22.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, on that basis, Defendant denies said allegations, except that Defendant admits that, in or about October, 2006, Plaintiffs served Defendant with a signed and verified Stop Notice in the amount of Thirty Five Thousand Nine Hundred Eighty Four Dollars and Sixty Four Cents ($35,984.64) for carpentry labor furnished to Kevin Nelson Concrete and that said stop notice was served before the expiration of ninety (90) days after completion of the work of improvement without any notice of completion or notice of cessation having been previously recorded; a true and correct copy of said Stop Notice is attached to Plaintiffs' Complaint as Exhibit D.

23.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, on that basis, Defendant denies said allegations.

24. Defendant denies the allegations contained in paragraph 24.

### THIRD CLAIM FOR RELIEF

25.　　Answering paragraph 25 of the Complaint, Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 25, inclusive, of this Answer, with the same force and effect as if set forth at length herein.

26.　　Defendant admits the allegations contained in paragraph 26.

27.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, on that basis, Defendant denies said allegations.

/ / /

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, on that basis, Defendant denies said allegations.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, on that basis, Defendant denies said allegations.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

30.     As a first and separate affirmative defense, this answering Defendant alleges that the Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Comply with Statutory Requirements)

31.     As a second and separate affirmative defense, this answering Defendant alleges that Plaintiffs are not entitled to recover on their purported claim of Stop Notice by virtue of its failure to comply with all applicable statutory requirements for enforcement of its purported claim of Stop Notice, including but not limited to those set forth at Civil Code §§ 3098, 3103, 3184, 3210, and 3211.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Money or Bonds Due or to Become Due Original Contractor)

32.     As a third and separate affirmative defense, this answering Defendant alleges that there was, and is, a lack of money or bonds due the original contractor that can be withheld to answer the claim stated in the Stop Notice or to provide for the public entity's reasonable cost of any litigation thereunder.

7

## FOURTH AFFIRMATIVE DEFENSE

(Pro-Rata Distribution of Withheld Stop Notice Funds)

33. As a fourth and separate affirmative defense, this answering Defendant alleges that, if the funds withheld by this answering Defendant in connection with the Stop Notice claim of Plaintiffs and other Stop Notice claims are insufficient to satisfy the aggregate value of all Stop Notice claims and this answering Defendant's reasonable litigation costs, and if this answering Defendant is determined to be liable to Plaintiffs on their claim of Stop Notice, then, pursuant to the provisions of Civil Code § 3190, this answering Defendant's liability to Plaintiffs is limited to Plaintiffs' pro-rata portion of the Stop Notice funds withheld by this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing and/or Capacity)

34. As a fifth and separate affirmative defense, this answering Defendant alleges that Plaintiffs lack standing and/or capacity to bring this action.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Join a Necessary Party)

35. As a sixth and separate affirmative defense, this answering Defendant alleges that the Complaint should be dismissed pursuant to Rules 12(b)(7) and 19(a) of the Federal Rules of Civil Procedure for failure to join a necessary party.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Proper Venue and Subject Matter Jurisdiction)

36. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint should be dismissed pursuant to Rules 12(b)(1) and (3) of the Federal Rules

of Civil Procedure and Section 1391 of Title 28 of the United States Code for lack of proper venue and/or lack of jurisdiction over the subject matter.

WHEREFORE, this answering Defendant prays for entry of judgment as follows:

(1) That Plaintiffs take nothing by reason of their Complaint;

(2) For costs of suit incurred herein;

(3) For reasonable attorneys' fees incurred herein; and

(4) For such other and further relief as the Court deems just and proper.

Date:     February 22, 2008              PUBLIC AGENCY LAW GROUP

_____
Keith A. Berlin, Attorneys for Defendant
CABRILLO COMMUNITY COLLEGE DISTRICT