1  CHRISTIAN L. RAISNER, Bar No. 133839, craisner@unioncounsel.net
   JANNAH V. MANANSALA, Bar No. 249376, jmanansala@unioncounsel.net
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001, Fax 510.337.1023
   Attorneys for Plaintiffs
5
   KEITH ANDREW BERLIN, Bar No. 117754, kberlin@palg.net
6  PUBLIC AGENCY LAW GROUP
   222 North Sepulveda Blvd., Suite 1690
7  El Segundo, California 90245
   Telephone 310.640.0800, Fax 310.640.0818
8  Attorneys for Defendant Cabrillo Community College District

9  CHAD CHRISTOPHER WILCOX, Bar No. 198498, ccwilcox@boothmitchel.com
   BOOTH, MITCHEL & STRANGE LLP
10 701 South Parker Street, Suite 6500
   Orange, California 92856-8155
11 Telephone 714.480.8500, Fax 714.480.8533
   Attorneys for Defendant Safeco Insurance Company of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS VACATION AND HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; APPRENTICE/JOURNEYMAN TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; INDUSTRY ADVANCEMENT; AND THE CONTRACT WORK PRESERVATION FUND,<br><br>Plaintiffs,<br>v.<br><br>E. UGARTE, INC., dba KEVIN NELSON CONCRETE CONSTRUCTION COMPANY, a California Corporation; CABRILLO COMMUNITY COLLEGE, a Public Entity; SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation,<br><br>Defendants. | Case No.    CV 07-06399 PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FED.R.CIV.P. 26(f) REPORT**<br><br>Case Mgmt. Conf. Date: June 3, 2008<br>2:00 p.m. |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report                    Case No. CV 07-06399 PVT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rules 16-8 and 16-9, Plaintiffs Robert Alvarado, Carpenters Pension Trust Fund For Northern California, Carpenters Vacation and Holiday Trust Fund For Northern California, Apprentice/Journeyman Training Trust Fund For Northern California, Carpenters Annuity Trust Fund For Northern California, Industry Advancement, and The Contract Work Preservation Fund (herein collectively referred to as "Plaintiffs"), Defendants Cabrillo Community College District ("Cabrillo") and Safeco Insurance Company of America ("Safeco") respectfully submit their Joint Case Management Statement and Rule 26(f) Report. Defendant E. Ugarte, Inc. ("Kevin Nelson") has not appeared and therefore is not party to this Joint Statement. Default was entered by this Court on Kevin Nelson on April 8, 2008.

## I.    JURISDICTION AND SERVICE

Plaintiffs' Complaint provides that this action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The jurisdiction of this Court is founded on 28 U.S.C. § 1331. Defendant Cabrillo has asserted that it is without knowledge or information sufficient to form a belief as to jurisdiction. Defendant Safeco has admitted that this Court has jurisdiction based on diversity of citizenship.

## II.    FACTS

The Complaint filed by Plaintiffs allege that Defendants owe Plaintiffs $35,984.64 for unpaid fringe benefit contributions. Specifically, Plaintiffs allege that Defendant Kevin Nelson failed to make timely fringe benefit contributions in the amount of $35,984.64 due and owing to Plaintiffs for work performed at Cabrillo Community College in January and February 2006. On or about October 3, 2006, Plaintiffs served on Defendant Cabrillo a verified stop notice in the amount of $35,984.64 for unpaid fringe benefit contributions arising from carpentry work furnished to Defendant Kevin Nelson. Plaintiffs allege that at the time of the filing and service of this stop notice, there was and is a sufficient amount of money due from Defendant Cabrillo out of the construction funds for the relevant construction project to answer and pay the claim of Plaintiffs and allow for the reasonable cost of litigation. Lastly, Plaintiffs believe and allege that

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report    Case No. CV 07-06399 PVT

Defendant Safeco executed a payment bond with Zolman Construction and Development, Inc., the general contractor for the relevant construction project. Plaintiffs allege that the payment bond provides that, in the event any person or entity that furnished labor or services used or reasonably required for use in the construction of the relevant project, Defendant Safeco will pay the amounts due plus reasonable attorneys' fees.

Plaintiffs and Defendants Cabrillo and Safeco met and conferred on March 14, 2008 and discussed the status of the case. Defendant Kevin Nelson chose not to participate in the telephone conference. During the telephone conference, counsel for the parties agreed that this case may settle and subsequently made a joint request to the Court to postpone all court appearances and pleading deadlines while the parties attempt to resolve their dispute. The parties met and conferred again on May 13, 2008 to discuss initial disclosures, early settlement and a discovery plan.

## A. PLAINTIFFS' IDENTIFICATION OF KNOWN DISPUTED FACTUAL ISSUES

Plaintiffs believe that the material facts in the case are largely undisputed. The only allegation explicitly disputed by Defendant Cabrillo is that, since the filing and service of the relevant stop notice, there was and is a sufficient amount of money due from Defendant Cabrillo out of the construction funds for the relevant project. Based on Defendants Cabrillo's and Safeco's Answers to Plaintiffs' Complaint, Plaintiffs are unaware of any other factual dispute.

## B. DEFENDANT CABRILLO'S IDENTIFICATION OF KNOWN DISPUTED FACTUAL ISSUES

To date, there has not yet been any formal discovery and therefore, although Defendant Cabrillo, in its Answer to Plaintiffs' Complaint, denied several allegations on the basis that it lacked sufficient knowledge or information, Defendant Cabrillo has not yet received sufficient information to admit those allegations. Moreover, Defendant Cabrillo's Answer to Plaintiffs' Complaint identifies several Affirmative Defenses that may also require discovery to determine their future viability. Nevertheless, at this time, Defendant Cabrillo believes that the following factual issue is in dispute: (1) Whether Defendant Cabrillo is holding sufficient funds due, or to become due, the prime contractor to which Plaintiffs' Stop Notice should attach.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report                    Case No. CV 07-06399 PVT

**C. DEFENDANT SAFECO'S IDENTIFICATION OF KNOWN DISPUTED FACTUAL ISSUES**

Defendant Safeco has stated in its Answer to Plaintiffs' Complaint that it is without sufficient knowledge to form a belief to the truth of the key allegations contained in Plaintiffs' Complaint, and on that basis it has denied each and every allegation contained therein. Defendant Safeco is diligently investigating the validity of Plaintiffs' allegations.

### III. LEGAL ISSUES

**A. PLAINTIFFS' IDENTIFICATION OF DISPUTED POINTS OF LAW**

Plaintiffs believe the following legal issues are or will be in dispute:

(1) Whether Plaintiffs are entitled to payment of unpaid fringe benefit contributions and attorneys' fees from Defendant Kevin Nelson Concrete;

(2) Whether Defendant Cabrillo is liable for the amount of unpaid fringe benefit contributions and attorneys' fees;

(3) Whether Defendant Safeco is liable for the amount of unpaid fringe benefit contributions and attorneys' fees.

**B. DEFENDANT CABRILLO'S IDENTIFICATION OF DISPUTED POINTS OF LAW**

Defendant Cabrillo presently believes that the following legal issues are or will be in dispute:

(1) Whether there are unpaid fringe benefit fees that Plaintiffs are entitled to recover;

(2) Whether Plaintiffs have satisfied all procedural requirements necessary to recover unpaid fringe benefits;

(3) Whether Defendant Cabrillo is liable for the payment of any amount of unpaid fringe benefits;

(4) Whether Defendant Cabrillo is liable for the payment of any attorneys' fees;

(5) Whether Defendant Cabrillo is holding any funds to which Plaintiffs' Stop Notice should attach;

(6) Whether Defendant Cabrillo is entitled to the payment of its reasonable costs of litigation from any money that is deemed to have been withheld pursuant to Plaintiffs' Stop Notice;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report    Case No. CV 07-06399 PVT

(7) Whether Defendant Safeco is liable to Defendant Cabrillo for Defendant Cabrillo's attorneys' fees pursuant to the Prime Contract and/or pursuant to any Bond(s) issued for the Project by Defendant Safeco;

(8) Whether the prime contractor is a necessary party;

(9) Whether other Project Stop Notice claimants are necessary parties;

(10) Whether any recovery by Plaintiffs pursuant to Plaintiffs' Stop Notice would be subject to a pro rata distribution.

**C. DEFENDANT SAFECO'S IDENTIFICATION OF DISPUTED POINTS OF LAW**

(1) Whether Defendant Safeco is liable for the amount of unpaid fringe benefit contributions and attorneys' fees that have been alleged by Plaintiffs.

## IV.    MOTIONS

**A. PLAINTIFFS' ANTICIPATED MOTIONS**

If the parties are unable to resolve their disputes, Plaintiffs will file a Motion for Summary Judgment on the issue of liability for the fringe benefit payments owed.

**B. DEFENDANT CABRILLO'S ANTICIPATED MOTIONS**

If the parties are unable to resolve their disputes prior to, or at the upcoming Mediation, Defendant Cabrillo will consider filing a Motion to Consolidate any pending Stop Notice actions.

**C. DEFENDANT SAFECO'S ANTICIPATED MOTIONS**

Defendant Safeco does not anticipate the filing of any motions at this time.

## V.    AMENDMENT OF PLEADINGS

At this time, parties do not expect to add parties, claims or defenses to the pleadings. At this time, the parties propose the deadline for amending the pleadings to be January 12, 2009.

## VI.    EVIDENCE PRESERVATION

**A. PLAINTIFFS' IDENTIFICATION OF STEPS TAKEN TO PRESERVE EVIDENCE**

Plaintiffs have taken sufficient measure to preserve evidence relevant to the issues raised in this litigation. Plaintiffs are unaware of any document destruction program or ongoing erasures of any e-mails or other documents relevant to this lawsuit.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -
Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report          Case No. CV 07-06399 PVT

**B.  DEFENDANT CABRILLO'S IDENTIFICATION OF STEPS TAKEN TO PRESEVE EVIDENCE**

Defendant Cabrillo has taken sufficient measures to preserve evidence relevant to the issues raised in this litigation.  Defendant Cabrillo is unaware of any document destruction program or ongoing erasures of any e-mails or other documents relevant to this lawsuit.

**C.  DEFENDANT SAFECO'S IDENTIFICATION OF STEPS TAKEN TO PRESERVE EVIDENCE**

Defendant Safeco has taken sufficient measure to preserve evidence relevant to the issues raised in this litigation.  Defendant Safeco is unaware of any document destruction program or ongoing erasures of any e-mails or other documents relevant to this lawsuit.

## VII.   DISCOVERY

Pursuant to Fed. R. Civ. P.26(a)(1)(E), the parties have stipulated that they will exchange initial disclosures on or before July 3, 2008.  At this time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this district.

**A.  PLAINTIFFS' STATEMENT REGARDING DISCOVERY THAT MAY BE NEEDED**

To the extent required by Defendants' denial of Plaintiffs' factual allegations, Plaintiffs anticipate propounding written discovery, including document requests, interrogatories, and requests for admission, as well as taking depositions regarding:

1.   The number of hours worked by the carpenters listed in the relevant stop notice for carpentry work performed at Cabrillo Community College in January and February 2006.

2.   Any factual issues raised by Defendants' affirmative defenses.

**B.  DEFENDANT CABRILLO'S STATEMENT REGARDING DISCOVERY THAT MAY BE NEEDED**

Based upon the issues currently raised by the pleadings, Defendant Cabrillo anticipates that it will be able to present its primary defenses without relying upon discovery responses from the other parties.  However, to the extent that it is necessary to obtain additional documentation or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -
Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report                                 Case No. CV 07-06399 PVT

information related to Plaintiffs' claims and/or Defendants' defenses, Defendant Cabrillo will propound written discovery, including document requests, interrogatories, and/or requests for admission, and will take depositions regarding such issues.

**C. DEFENDANT SAFECO'S STATEMENT REGARDING DISCOVERY THAT MAY BE NEEDED**

Defendant Safeco anticipates propounding written discovery, including document requests, interrogatories, and requests for admission, as well as taking depositions regarding:

1. The alleged number of hours worked by specific carpenters on the subject Project in January and February 2006.

2. Any factual issues relating to defenses of Defendant Kevin Nelson and Zolman Construction and Development Inc. and Defendant Safeco's defenses related thereto.

### VIII. CLASS ACTIONS

The instant lawsuit is not a class action.

### IX. RELATED CASES

To the best of the parties' knowledge, there are no related cases pending before another Judge of this Court or before any Administrative body. However, Defendant Cabrillo is aware that there is another action that was filed in the Santa Cruz Superior Court by another Stop Notice Claimant for the same Prime Contractor/Bid Package on the same Project. That action is titled Bay Area Reinforcing v. Zolman Construction and Development, Inc. et al ; Santa Cruz Superior Court Case No. CV157809. Defendant Cabrillo is also aware there are other Stop Notices currently pending which may result in the commencement of other litigation related to the same Prime Contractor/Bid Package.

### X. RELIEF

**A. PLAINTIFFS' STATEMENT OF RELIEF SOUGHT**

Plaintiffs seek $35,984.64 for unpaid fringe benefit contributions and the reasonable attorneys' fees and costs incurred in the instant litigation.

### XI. SETTLEMENT AND ADR

The parties agree to mediate the issues relevant to this lawsuit and have jointly filed their

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 7 -
Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report   Case No. CV 07-06399 PVT

Stipulation and Proposed Order Selecting ADR Process pursuant to Local Rule 3-5. This Court appointed Robert Schwartz as the Mediator for this litigation. Mediation is scheduled for June 17, 2008 from 2-6 p.m. at the San Francisco law office of Trucker Huss.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to have Magistrate Patricia Trumbull conduct all further proceedings including trial and entry of judgment.

## XIII. OTHER REFERENCES

The parties do not currently believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

### A. PLAINTIFFS' IDENTIFICATION OF ISSUES PRESENTED TO COURT

Plaintiffs believe that the three legal issues listed by Plaintiffs herein are the material issues presented to the court. Plaintiffs believe that there are few, if any, factual disputes.

### B. DEFENDANT CABRILLO'S IDENTIFICATION OF ISSUES PRESENTED TO COURT

With regard to Plaintiffs' claim against Defendant Cabrillo, the following issues are presently identified:

(1) Whether there are unpaid fringe benefit fees that Plaintiffs are entitled to recover;

(2) Whether Plaintiffs have satisfied all procedural requirements necessary to recovery unpaid fringe benefits;

(3) Whether Defendant Cabrillo is liable for the payment of any amount of unpaid fringe benefits;

(4) Whether Defendant Cabrillo is liable for the payment of any attorney's fees;

(5) Whether Defendant Cabrillo is holding any funds to which Plaintiffs' Stop Notice should attach;

(6) Whether Defendant Cabrillo is entitled to the payment of its reasonable costs of litigation from any money that is deemed to have been withheld pursuant to Plaintiffs' Stop Notice;

(7) Whether Defendant Safeco is liable to Defendant Cabrillo for Defendant Cabrillo's

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report    Case No. CV 07-06399 PVT

attorney's fees pursuant to the Prime Contract and/or pursuant to any Bond(s) issued for the Project by Defendant Safeco;

    (8)    Whether the prime contractor is a necessary party;

    (9)    Whether other Project Stop Notice claimants are necessary parties;

    (10)    Whether any recovery by Plaintiffs pursuant to Plaintiffs' Stop Notice would be subject to a pro rata distribution.

**C.  DEFENDANT SAFECO'S IDENTIFICATION OF ISSUES PRESENTED TO COURT**

Defendant Safeco is currently investigating the facts related to Plaintiffs' claims, as well as factual and legal defenses of Defendant Kevin Nelson and Zolman Construction and Development Inc., and Defendant Safeco's defenses related thereto.

## XV. EXPEDITED SCHEDULE

If the parties are unable to settle this lawsuit, the Plaintiffs believe that this lawsuit may benefit from expedited discovery depending on the number of factual disputes actually raised by Defendants once Defendants obtain sufficient knowledge to admit or deny Plaintiffs' factual allegations.

## XVI. SCHEDULING

**A.  PARTIES' PROPOSED SCHEDULE**

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | January 12, 2009 |
| Completion of all fact discovery | March 12, 2009 |
| Last day to file any fact discovery motions | March 30, 2009 |
| Exchange expert disclosures/ reports | April 30, 2009 |
| Exchange rebuttal expert disclosures/ reports | June 1, 2009 |
| Completion of all expert discovery | July 1, 2009 |
| Last day to file any expert discovery motions | July 21, 2009 |
| Deadline for filing summary judgment motions | August 18, 2009 |
| Final Pretrial Conference | September 21, 2009 |
| Trial | October 9, 2009  (Friday at 9:00 a.m) |

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 9 -

Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report      Case No. CV 07-06399 PVT

## XVII. TRIAL

Defendants Safeco and Cabrillo agree to have this lawsuit tried by the court in a three-day trial. Plaintiffs believe that this lawsuit will require one to two days of trial.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. PLAINTIFFS' DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs are unaware of any non-party interested entities or persons at this time. Plaintiffs have filed the "Certification of Interested Parties or Persons" as required by Local Rule 3-16.

### B. DEFENDANT CABRILLO'S DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

Defendant Cabrillo believes that the following entities may be non-party interested entities or persons:

(1) Prime contractor Zolman Construction and Development Inc.;

(2) Any other Project Stop Notice Claimants that commence litigation to recover under their Stop Notices, including Bay Area Reinforcing.

### C. DEFENDANT SAFECO'S DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

Defendant Safeco is unaware of any non-party interested entities, with the possible exception of its bond principal Zolman Construction and Development Inc.

///
///
///
///
///
///
///
///
///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

## XIX. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

Aside from the matters mentioned herein, the parties are currently unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: May 15, 2008      WEINBERG, ROGER & ROSENFELD
                         A Professional Corporation


                         By:  _____/s/_____
                              JANNAH V. MANANSALA
                              Attorneys for Plaintiffs


Dated: May 15, 2008      PUBLIC AGENCY LAW GROUP


                         By:  _____/s/_____
                              KEITH ANDREW BERLIN
                              Attorneys for Defendant Cabrillo Community
                              College District


Dated: May 15, 2008      BOOTH, MITCHEL & STRANGE LLP


                         By:  _____/s/_____
                              CHAD CHRISTOPHER WILCOX
                              Attorneys for Defendant Safeco Insurance Company
                              of America

114011/486914

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 11 -
Joint Case Mgmt Statement and Fed.R.Civ.P. 26(f) Report                Case No. CV 07-06399 PVT